| |
|---|
| **Gelwan v de Ratafia** |
| 2024 NY Slip Op 30583(U) |
| February 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654525/2016 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. DAVID B. COHEN                          PART   58

*Justice*

----------------------------------------------------------------------X

LLOYD A. GELWAN and AMANDA NELSON,

                          Plaintiffs,

- v -

GEORGES-LUCIEN DE RATAFIA, DIANE ACKROYD, THE
WARSHAWSKY LAW FIRM, STEVEN M. WARSHAWSKY,
and THE COUNTY OF COLUMBIA, NEW YORK,

                          Defendants.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654525/2016 |
| MOTION SEQ. NO. | 011 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 011) 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 464

were read on this motion to/for _____JUDGMENT - DEFAULT_____.

Plaintiff Lloyd Gelwan, who is self-represented, moves for entry of a default against defendants Georges-Lucien de Ratafia and Diane Ackroyd, based on their untimely answer to the Second Amended Complaint in this action. De Ratafia and Ackroyd (cross-movant defendants) oppose the motion and cross-move, pursuant to CPLR 3012, to, among other things, compel Gelwan to accept an untimely answer.

## I. Factual and Procedural Background

By decision and order entered January 11, 2022, Gelwan was granted leave to amend the complaint (NYSCEF Doc No. 149). Shortly thereafter, he purportedly served his Second Amended Complaint upon cross-movant defendants (Doc No. 150). Cross-movant defendants moved to dismiss that complaint, but their motion was denied by decision and order entered September 11, 2023 (Doc Nos. 418-421). Gelwan served a notice of entry of the September 2023 order on October 16, 2023 (Doc No. 454), and defendants served a verified answer on November 20, 2023 (Doc No. 462). Gelwan now moves for a default judgment against cross-movant

**654525/2016  GELWAN, LLOYD A. vs. DERATAFIA, LUCIEN**
Motion No.  011

**Page 1 of 4**

defendants, alleging that they failed to timely answer (Doc No. 449). Cross-movant defendants oppose the motion and cross-move to compel Gelwan to accept an untimely answer (Doc Nos. 460-461), which he opposes (Doc No. 464).

II. Legal Analysis and Conclusions

*A. Cross-Movant Defendants' Cross-Motion to Compel Acceptance of Untimely Answer*

Cross-movant defendants contend that Gelwan should be compelled to accept their untimely answer because the proper balance of factors weighs in their favor. They argue that the delay in serving the answer was short, there was a reasonable excuse for the delay because their attorney was tending to an ill family member, Gelwan was not prejudiced by untimely service, and public policy favors resolving disputes on the merits. Gelwan maintains in opposition that cross-movant defendants' delay in answering was willful and substantial, he was prejudiced by that delay, and their excuse for the delay is insufficient.

"CPLR 3012(d) provides that a court has the discretionary power to extend the time to plead, or to compel acceptance of an untimely pleading upon such terms as may be just, provided that there is a showing of a reasonable excuse for the delay" (*U.S. Bank N.A. v Barker Project LLC*, 220 AD3d 588, 588 [1st Dept 2023] [internal quotation marks and citations omitted]). Even if an excuse proffered is "hardly overwhelming," compelling acceptance of an untimely answer is warranted if that underwhelming excuse is accompanied by a delay in answering that was minimal, not willful, and caused no prejudice to the opposing party (*see Matter of Thomas Anthony Holdings LLC v Goodbody*, 210 AD3d 547, 547 [1st Dept 2022] [internal quotation marks and citation omitted]). There is also a "strong public policy in favor of litigating matters on the merits" that weighs in favor of compelling acceptance of an untimely answer (*Hertz Vehs., LLC v Mollo*, 171 AD3d 651, 651 [1st Dept 2019]).

**654525/2016   GELWAN, LLOYD A. vs. DERATAFIA, LUCIEN**                         **Page 2 of 4**
**Motion No.  011**

2 of 4

[* 2]

Here, cross-movant defendants' answer was untimely. They were served with notice of entry of the September 2023 order on October 16, 2023, which gave them until November 5, 2023, to answer. Thus, their answer dated November 20, 2023, was untimely.

However, considering the excuse proffered by cross-movant defendants, the brief delay, and the strong underlying public policy, among other things, the circumstances weigh in favor of compelling Gelwan to accept the untimely answer. In his affirmation, counsel for cross-movant defendants averred that the answer was not timely filed because he was caring for an ill relative and mistakenly thought it had been filed previously. Although that excuse is best described as a misapprehension on the part of counsel, reasonable misapprehension is sufficient to excuse a delay (*see Underwood v Grey*, 187 AD2d 390, 390 [1st Dept 1992] [finding defendants' refusal to answer because they believed plaintiff needed leave to amend complaint was "reasonable misapprehension" that "constituted reasonable excuse for the default"]), especially when viewed collectively with counsel's prompt action to reconcile his error and the minimal, unwilful delay that occurred (*see Interboro Ins. Co. v Perez*, 112 AD3d 483, 483 [1st Dept 2013]). Gelwan's contention that he was prejudiced by the delay because it has inhibited his ability to conduct discovery is also unavailing. Deadline extensions and courtesies of additional time to act during discovery have been a regular feature of this litigation, and a brief delay of less than 30 days has not prejudiced his ability to move this action forward.

Therefore, cross-movant defendants' cross-motion to compel Gelwan to accept the untimely answer is granted (*see Matter of Thomas Anthony Holdings LLC*, 210 AD3d at 547 [affirming granting of CPLR 3012(d) motion after finding underwhelming excuse adequate to allow for service of late answer because "delay was minimal, was not willful, and did not prejudice respondents"]).

**654525/2016   GELWAN, LLOYD A. vs. DERATAFIA, LUCIEN**
**Motion No. 011**

**Page 3 of 4**

3 of 4

*B.  Gelwan's Motion for a Default Judgment*

In granting cross-movant defendants' cross-motion, Gelwan's motion for a default judgment against cross-movant defendants is rendered moot (*see id.* [denying motion for default judgment as moot after granting cross-motion to serve a late reply to opposing party's counterclaims]).

The parties remaining contentions are either unavailing, or do not need to be addressed given the findings described above.

Accordingly, it is hereby:

ORDERED that the cross-motion by defendants Georges-Lucien de Ratafia and Diane Ackroyd to compel plaintiff Lloyd Gelwan to accept their untimely answer is granted; and it is further

ORDERED that the verified answer dated November 20, 2023 (NYSCEF Doc No. 462) is deemed to be served and filed as of the date of this order; and it is further

ORDERED that the motion by plaintiff Lloyd Gelwan for a default judgment against defendants Georges-Lucien de Ratafia and Diane Ackroyd is denied as moot; and it is further

ORDERED that the parties are directed to appear for a status conference with Part 58's Special Master, Richard Swanson, on May 7, 2024 at 10:00 a.m.

| | |
|---|---|
| **2/23/2024** | |
| **DATE** | **DAVID B. COHEN, J.S.C.** |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**654525/2016   GELWAN, LLOYD A. vs. DERATAFIA, LUCIEN**
**Motion No.  011**

**Page 4 of 4**

[* 4]

4 of 4